UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-064-RJC

| | |
|---|---|
| **DANIEL DEREK BENNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 11-1); Defendant's Motion for Summary Judgment, (Doc. No. 12), and Memorandum in Support, (Doc. No. 13); Plaintiff's Supplemental Memorandum, (Doc. No. 17); and Defendant's Supplemental Memorandum, (Doc. No. 16).

Under sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the recent ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. March 18, 2015), this Court reverses the Commissioner's decision and remands the case for a new hearing.

On remand, the Administrative Law Judge will be directed to conduct a new hearing and provide a new hearing decision consistent with Mascio, which requires: (1) a function-by-function analysis; (2) a credibility analysis; and (3) an analysis pertaining to the claimant's limitation in concentration, persistence, and pace.

First, in conducting the function-by-function analysis, the Administrative Law Judge must use "narrative discussion describing how the evidence supports each conclusion . . ." Mascio, 780 F.3d at 636 (citing SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). A mere recitation of evidence is not a sufficient substitute for the function-by-function analysis required by Mascio. Second, the Administrative Law Judge shall not use backwards boilerplate language prohibited by Mascio in determining the claimant's credibility. Instead, the determination or decision regarding credibility must contain specific reasons for the finding on credibility, supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight. Lastly, because the Administrative Law Judge gave great weight to the conclusions of the State Agency physicians in determining the claimant's residual functional capacity (RFC), the Administrative Law Judge need explain why the claimant's alleged limitation in concentration, persistence, and pace set forth by the State Agency physicians did not translate into a limitation in the claimant's RFC. The current RFC accounts for the claimant's ability to perform "simple, routine, repetitive" tasks; however, "[t]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Mascio, 780 F.3d at 638.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby **REVERSES** the Commissioner's decision and **REMANDS** the case for a new hearing.

Signed: July 8, 2015

Robert J. Conrad, Jr.
United States District Judge