# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:14-cv-64-RJC

| | | |
|---|---|---|
| **DANIEL D. BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Application for Attorney Fees

Under to the Equal Access to Justice Act ("EAJA") and Reply, (Doc. Nos. 20, 23), and the

Commissioner's Response in Opposition, (Doc. No. 21).

EAJA provides that the prevailing party in a civil action against the United States is

entitled to attorneys' fees when the United States' position was not substantially justified and

there are no special circumstances making an award unjust. 28 U.S.C. § 2412(d)(1)(A). When

the Court remands under sentence sour of 42 U.S.C. § 405(g), the plaintiff is the prevailing party.

See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Therefore, Plaintiff is the prevailing party

in this litigation.

The Commissioner has the burden of showing that her position was substantially

justified. United States v. 515 Granby, LLC, 736 F.3d 309, 315 (4th Cir. 2013). Substantial

justification does not require the Commissioner's position to be correct, but such a position may

be substantially justified if a reasonable person could think it correct. See Pierce v. Underwood,

487 U.S. 552, 566 n.2 (1988). A claim for attorneys' fees, therefore, may be defeated by the

Commissioner by showing that her position had a reasonable basis in both law and fact. Id. at

565–66.

To determine whether the Commissioner's position in a case was substantially justified, the Court must "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the [Commissioner] acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). In making this determination, "it is appropriate to consider the reasonable overall objectives of the [Commissioner] and the extent to which [her position] departed from them." Id.

A proper function-by-function analysis is specifically required by Social Security regulations. See SSR 96-8P. The ALJ failed to comply with Social Security regulations as well as the Fourth Circuit's interpretation of those regulations set forth in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). In its Order remanding this action, the Court directed the Administrative Law Judge ("ALJ") to conduct a new hearing and to provide a function-by-function analysis consistent with the Mascio decision. (Doc. No. 18 at 1). Therefore, the Court implicitly found that the ALJ failed to complete such an analysis in the first instance. When an ALJ fails to follow the Commissioner's own regulations, the Commissioner's position in litigation defending the ALJ's failure cannot be substantially justified. See Dixon v. Astrue, No. 5:06-CV-77-JG, 2008 WL 360989, at *3 (E.D.N.C. Feb. 8, 2008).

Accordingly, the Court finds that the Commissioner's position in this litigation was not substantially justified and that there are no special circumstances that make an award of fees unjust. The Court also finds the amount of fees Plaintiff seeks is reasonable. Therefore, the Court will **grant** Plaintiff's Application for Attorney's Fees.

Plaintiff's counsel requests an additional 4 hours of fees for her work defending this fee

application.  (Doc. No. 23 at 10).  Time expended defending a fee application against Defendant's objections is compensable under the EAJA.  See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990).  The Court finds these additional hours to be reasonable and includes them in the fee award.  Therefore, the award will be modified to include 4 hours at a rate of $189.56, which results in a fee of $758.24.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Application for Attorney's Fees, (Doc. No. 20), is **GRANTED**, and Plaintiff's Application is modified to include payment for the hours expended in litigating the Application.  The Court will award attorneys' fees in the amount of $9,952.38, and pursuant to Comm'r of Soc. Sec. v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States.  The Commissioner will determine whether Plaintiff owes a debt to the United States.  If so, that debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel.  If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe any debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay those fees directly to Plaintiff's counsel.  No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: March 29, 2016

Robert J. Conrad, Jr.
United States District Judge